Peck, Judge.
This was an action of ejectment. The cause was brought from Claiborne county, where a verdict and judgment were rendered for the plaintiff below.
It became necessary for the lessor of the plaintifis, in the circuit court, to produce and read as evidence in support of a sheriff’s deed, a judgment in these words: “on motion of the defendant by attorney, a rule is granted him to shew cause why a new trial should be granted him in this cause, and the said rule coming on to be heard and the affidavit of John Wallen being filed and argument heard, as well in the support of said rule as against it, and the matters and things therein contained, being considered and fully understood, it is considered and adjudged by the court, that said rule be sustained, and that a new trial be granted, on defendant, John Wallen, paying all cost that has heretofore accrued in this suit, including the costs of this term, except such part of the costs as was adjudged heretofore against the plaintiffs, and that the plaintifis recover against the defendant the cost aforesaid in their behalf expended, for which execution may issue.” ^
An execution issued, purporting to be founded on the *311 above judgment, commanding the sheriff of Claiborne county, that of the goods and chattels, lands and teñe-ments of John Wallen, he should make the sum of $>232 25, which sum Wm. M’Henry recovered, &c. Under this execution (or an alias on the same judgment) the sheriff levied and sold the land in dispute to M’Henry, the plaintiff in the judgment and execution.
On the trial, exception was taken to the sufficiency of this execution. It was alleged that the aggregate sum was made up of items of cost, that many of those items were not made out upon the execution, as required by the acts of 1779, ch. 4, sec. 4; 1784, ch. 7, sec. 8; 1794, ch. 1, sec. 75; 1796, ch. 7, sec. 9. These acts all read in these words: “that it shall and may be lawful for the clerk of the superior and county courts, when suits are determined, and the fees not paid by the party from whom they are due, to make out an execution,» directed to the sheriff of the county where the party resides; and the said sheriff shall levy the same by virtue of said execution as in other cases; and to the said execution shall be annexed a copy of the bill of costs of the fees on which such execution shall issue, wrote in words at length, without any abbreviation whatever, and all executions issuing without the copy of such bill of costs annexed, shall be deemed illegal, and no sheriff shall serve or execute the same.”
Section 10 of the last act says, “that if the clerk of any court, sheriff, register, coroner, or othe.r officer of any county court, shall hereafter be guilty of any breach of the duties enjoined by this act, either by his own confession orverdict of a jury, it shall, on a second conviction bead-judged and deemed a misbehaviour in office, for which such clerk or other officer shall be removed from office.”
The execution in question as to many of the items, falls within the description of those wanting the requisite in-dorsment of the bill of fees.
But it is said, the sheriff has levied this execution and has made sale of the estate under it, and it is urged, that if advantage could be taken of the defects in this process, *312 that there was a time before the sale to have had bene- fit of such advantage. That having been waived at the proper time, the party is concluded.
sa]e Upon a voj¿ jUdgment would not avail a purchaser. Will a sale be available under an execution which in the dress it appears should in the first place never have issued, and in the next place is by law forbidden to be executed ? The several acts of assembly referred to, forbid the sherifffrom serving or executing such process.
In coming to a correct conclusion upon these laws, touching executions, the court has had difficulties. The doctrine of “void,” and “voidable,” has had its share of consideration. Aware that a decision establishing the doctrine generally, that all such executions are void, would produce defects in very many titles acquired under execution sales, we would, had it been consistent with duty, have forborne to fix any general rule.
The case before us, is one where the party procuring the judgment and execution,.is himself the purchaser under them, and the execution by the acts of assembly being for fees is declared to be illegal. Whatever is against law, cannot be otherwise than' void; and whatever is illegal, is against law.
When this question was before us, in the case of Hop. kins and others’ lessee vs. Waterhouse, the court expressed in strong terms a disposition not to favor such executions. The execution in that case, as in the present, was for costs only.
Such executions are within the express letter of the acts referred to, “where suits are determined and the fees not paid to the party to whom they are due, the clerks shall,” &c. It follows therefore, under these acts, that we have before us a strong case for resisting this execution as evidence. The judgment was for costs only; the law supposes M’Henry the actor in suing out the execution; he was-presumed to know the law, and as he was the purchaser, the fact also of the defects of the writ under which he claims.
We do not say that an execution may not be good in *313 part and bad in part; an execution may issue for an hon* est debt recovered by judgment, such an execution may be defective as to an indorsment of the items of cost, or some of them; perhaps in'such a case by analogy, We should follow the case in 1 Tenn. Rep. (Glasgow’s lessee vs. Smith and Blackwell;) but the present is not such a case, and we cannot escape from the question, is the execution void? We think it is.
We do not see in the record offered in support of the execution, the affidavit mentioned in the judgment and relied on by Wallen for a new trial, therefore we cannot know on what ground the court gave judgment for the whole cost, on making the rule absolute. Any thing which I could say on this exercise of a discretionary power (if.in* deed there existed such a power- in that case) can but be speculative. That a judgment, if not absolutely void, and standing in full force cannot be assailed indirectly, is admitted; still the judgment is subject to observation. Previous to the trial, the record shews there had been continuances at the instance of both parties; M’Henry, the plaintiff, had in one instance been made liable for cost on a continuance, finally however, after Wallen had taken his trial and a verdict had passed against him, he must have shewn to the court merits, which had not. been reached, and which when presented on another trial, a different result might be, and by the court was anticipated. Supposing Wallen to have been in default in not coming prepared at that time; why, I would ask, should he be punished beyond the term?
If I may so speak, sufficient for the day might have been the evil thereof. No presumption can arise, that Wallen had been in default in times gone by; then why give this expost facto operation to a judgment for costs? The consequence which followed, shews the pernicious influence of such a course: a plaintiff in ejectment, har-rassing his adversary on a doubtful title, saves all his costs without a trial on the merits, and then discontinues, he has then gained every thing hut possession, and the discontinuance does not prevent another action for that.
*314 There might be much more propriety in ordering the plaintiff in ejectment for his default to pay all costs, for that would be placing him as if he had commenced a new could elect to pay the costand go on, or refusing to accept the terms offered, let judgment go against him. And if he believed the court was dealing to him too hard a measure of justice, he could seek redress by writ of error, and if even that proved ineffectual, he could commence again a new action.
But mark the difference in the case of a defendant; if he does not accept the terms of paying the whole cost, judgment goes against him, and he is turned out of his estate. If he has the better right, he must become plaintiff to restore himself. He cannot have his writ of error on the judgment for costs alone; to get a trial of his merits, he is harrassed with the execution, and the ejectment at the same time. If a sale of the estate in dispute can be effected by virtue of the execution, the character of the title is changed, and a discontinuance of the pending action on which the recovery might be doubtful, would follow, to make way for an action on the newly acquired title, where the judgment, execution and sheriff’s deed, (if regular) is all the evidence.
This is enough to shew that all such judgments, executions, and titles so acquired, ought and will be examined with great strictness. In the early jurisprudence of the country, whence we borrowed our laws, costs were given at the discretion of the judge; what but the abuse of that discretion made it necessary to fix rules of costs by statute?
In our state all costs are given and regulated by statute; discretion here can hardly be thought of; for in all cases it is believed, touching costs, statutory provision is ample and cannot be departed from. This case falls within the statutes of our own state, on the subject of costs, and must be governed by them.